# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES FITZGERALD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 03-CV-531-GKF-TLW |
| ) | |
| RANDALL G. WORKMAN, Warden, ) | |
| Oklahoma State Penitentiary, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action initiated by Oklahoma death row inmate James Fitzgerald. Before the Court for consideration is Respondent's Motion to Reconsider Evidentiary Hearing in Light of Recent Supreme Court Decisions (Dkt. # 89) or, in the Alternative, Motion for Summary Judgment (Dkt. # 90). Respondent asks the Court to reconsider its decision to grant an evidentiary hearing on Fitzgerald's ineffective assistance of counsel claims in light of recent decisions by the United States Supreme Court. In the alternative, Respondent asks this Court to grant summary judgment for Respondent against Fitzgerald on the ineffective assistance of counsel claims. Respondent argues that there is no genuine dispute as to any material fact relating to those claims. Fitzgerald filed a response to Respondent's motions (Dkt. # 100). After review of the briefs of the parties and the evidence submitted, the Court finds that Respondent's motions should be **denied** for the reasons stated herein.

    **I.**    **Background**

Fitzgerald filed an Amended Motion for Evidentiary Hearing (Dkt. # 62) relating to three of the claims raised in his Petition for Writ of Habeas Corpus (Dkt. # 24), including his claim that

his trial counsel in his second sentencing trial was ineffective for failing to present certain mitigating evidence regarding Fitzgerald's brain damage, diabetes, and consumption of alcohol on the night of the offense (ground seven of the petition).[1] Specifically, Fitzgerald claims that trial counsel's decision to forego the presentation of expert witnesses, Drs. Jones and Bratcher, to explain how the combination of Fitzgerald's brain damage, alcohol intoxication and diabetes affected Fitzgerald's ability to control his actions at the time of the murder violated his constitutional rights. See id.; see also Dkt. # 72.[2] This Court held that an evidentiary hearing on ground seven was warranted in order to determine whether Fitzgerald's trial counsel had strategic reasons for failing to offer the mitigating evidence that he had at his disposal and if so, whether that strategy was constitutionally reasonable under the circumstances. Dkt. # 72 at 16. In his motions, Respondent argues that an evidentiary hearing is no longer warranted in light of recent Supreme Court decisions, or alternatively, in light of evidence recently developed through discovery conducted by the parties in preparation for the evidentiary hearing. See Dkt. ## 89, 90.

## II. Motion to Reconsider

Respondent argues that two cases recently decided by the Supreme Court, Cullen v. Pinholster, – U.S. –, 131 S.Ct. 1388 (2011) and Harrington v. Richter, – U.S. –, 131 S.Ct. 770 (2011), obviate the need to proceed any further with an evidentiary hearing in this case. Both Pinholster and Richter involve the application of 28 U.S.C. § 2254(d)(1) of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") in a capital habeas corpus action.

---

[1] In ground seven, Fitzgerald also alleged ineffective assistance of appellate counsel for failing to raise the ineffective assistance of trial counsel claim in his direct appeal.

[2] The Court's order granting the evidentiary hearing (Dkt. # 72) contains a more detailed summary of Fitzgerald's ground seven claims and the procedural history relating thereto.

In Pinholster, the Supreme Court held that "review under §2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." 131 S.Ct. at 1398. Thus, "evidence introduced in federal court has no bearing on §2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of §2254(d)(1) on the record that was before that state court." Id. at 1400. In Pinholster, the Court declined to decide whether a district court may ever hold an evidentiary hearing before it determines that the state court's decision was contrary to or an unreasonable application of clearly established federal law. Id. at 1411 n.20. The Court did not have to decide that issue because Pinholster had failed to demonstrate that the adjudication of his claim based on the state-court record resulted in a decision "contrary to" or "involv[ing] an unreasonable application of federal law." Id. As discussed below, this case is different than Pinholster because, in this case, the state court deviated from the controlling standard under federal law.

Pursuant to Richter, a habeas court's review of a state court's denial of an ineffective assistance of counsel claim under the AEDPA is "doubly deferential." Richter, 131 S.Ct. at 788. The court must determine what arguments or theories supported, or could have supported, the state court's decision and grant relief only if fairminded jurists could not disagree that the state court's decision is inconsistent with Supreme Court precedent. Id. at 786. Pursuant to the AEDPA, the question is not whether counsel's actions were reasonable, but rather "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id. at 788. Further, "[a]lthough courts may not indulge in 'post hoc rationalization' for counsel's decisionmaking that contradicts the available evidence of counsel's actions, neither may they insist counsel confirm every aspect of the strategic basis for his or her actions." Id. at 790 (quoting Wiggins v. Smith, 539

3

U.S. 510, 526-27 (2003)).

The Court declines to reconsider its decision to grant an evidentiary hearing on Fitzgerald's ineffective assistance of counsel claims because neither of these recent Supreme Court cases are applicable to those claims. As this Court has previously stated, it must review Fitzgerald's ineffective assistance of counsel claim de novo, rather than apply the deferential standards of the AEDPA.

In Fitzgerald's post-conviction proceeding (from his second sentencing trial), the OCCA rejected his claim of ineffective assistance of appellate counsel, which he presented as both an independent ground for relief and as cause for his failure to raise an ineffective assistance of trial counsel claim on direct appeal. Thus, the OCCA considered Fitzgerald's ineffective assistance of trial counsel claim as part of his ineffective assistance of appellate counsel claim. The OCCA reasoned as follows:

> Fitzgerald claims that trial and appellate counsel were ineffective for failing to present mitigating evidence . . . .
>
> Our review of ineffective assistance follows the three-tiered test enunciated in Walker v. State. Did appellate counsel commit the alleged predicate act? If so, was counsel's performance deficient under Strickland v. Washington's two-pronged test? We consider mishandled claims on their merits only if the post-conviction petitioner sustains the initial heavy burden of proving deficient performance.
>
> Fitzgerald claims in Proposition I that trial and appellate counsel were ineffective for failing to present available mitigating evidence. As appellate counsel did fail to raise this issue, Fitzgerald's claims satisfy the first prong of Walker. Nevertheless, he has not established that the omission amounts to deficient performance: that counsel breached any duties owed him or that counsel's judgment was unreasonable and fell beyond an acceptable range of professional assistance. Because Fitzgerald failed to meet the precondition of showing deficient attorney performance, the claim is denied.

Fitzgerald v. State, Order Denying Application for Post-Conviction at 3-4, Case No. PCD-2002-626

(Okla. Crim. App. March 13, 2003) (footnotes omitted).

Because the OCCA denied Fitzgerald's claims of ineffective assistance of appellate counsel on the merits, ordinarily this Court's review would be limited to determining whether the petitioner can show that the state court's disposition is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); see also Cargle v. Mullin, 317 F.3d 1196, 1202 (10th Cir. 2003). However, this deferential standard of review does not apply if the state court employed the wrong legal standard in deciding the merits of the federal issue. Cargle, 317 F.3d at 1202 (citing Revilla v. Gibson, 283 F.3d 1203, 1220 n.14 (10th Cir. 2002)). The OCCA applied the wrong standard here.

The proper standard for assessing a claim of ineffectiveness of appellate counsel is that set forth in Strickland v. Washington, 466 U.S. 668 (1984). Thus, the petitioner must show both (1) constitutionally deficient performance, by demonstrating that his appellate counsel's conduct was objectively unreasonable, and (2) resulting prejudice, by demonstrating a reasonable probability that, but for counsel's unprofessional error(s), the result of the proceeding – in this case the appeal – would have been different. Smith v. Robbins, 528 U.S. 259, 285 (2000) (applying Strickland). A claim of appellate ineffectiveness can be based on counsel's failure to raise a particular issue on appeal, although it is difficult to show deficient performance under those circumstances because counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." Id. at 288 (following Jones v. Barnes, 463 U.S. 745 (1983)). Thus, in analyzing an appellate ineffectiveness claim based upon the failure to raise an issue on appeal, the Court "looks to the merits of the omitted issue." Neill v. Gibson, 278 F.3d 1044, 1057 (10th Cir. 2001) (quotation omitted). "If the omitted issue is so plainly

5

meritorious that it would have been unreasonable to winnow it out even from an otherwise strong appeal, its omission may directly establish deficient performance; if the omitted issue has merit but is not so compelling, the case for deficient performance is more complicated, requiring an assessment of the issue relative to the rest of the appeal, and deferential consideration must be given to any professional judgment involved in its omission; of course, if the issue is meritless, its omission will not constitute deficient performance." Cargle, 317 F.3d at 1202.

The OCCA, in its order denying Fitzgerald's application for post-conviction relief, made mention of Strickland's two-prong inquiry when it addressed Fitzgerald's ineffective assistance of appellate counsel claim. But the OCCA ignored the mandate of Strickland and Smith and their progeny when it disregarded the merits of the omitted claim. In Cargle, the Tenth Circuit explicitly disavowed the OCCA's application of the Walker standard as inconsistent with Strickland. The circuit court explained:

> Walker's step-two truncation of the Strickland test [has] enable[d] the OCCA to reject appellate ineffectiveness allegations without any assessment of the merits of underlying predicate claims, so that the OCCA has been able to declare that a "failure to raise even a meritorious claim does not, in itself, constitute deficient performance." Slaughter v. State, 969 P.2d 990, 996 (Okla.Crim.App.1998) . . . .
>
> . . . .
>
> It is clearly wrong, as a matter of federal law, to require as a necessary condition for relief under Strickland, something beyond the obvious merit of the omitted claim. The very focus of a Strickland inquiry regarding performance of appellate counsel is upon the merits of omitted issues, and no test that ignores the merits of the omitted claim in conducting its ineffective assistance of appellate counsel analysis comports with federal law. A sufficiently meritorious omitted claim certainly can, by itself (or in relation to other issues that counsel did pursue), establish constitutionally deficient performance by appellate counsel.

Cargle, 317 F.3d at 1204-05.

Although the OCCA's order denying post-conviction relief does not specifically state that

6

the OCCA relied on the repudiated "regardless of merit" standard to support its finding that "Fitzgerald failed to meet the precondition of showing deficient attorney performance," it referenced the Walker standard and expressly recognized, "We consider mishandled claims on their merits only if the post-conviction petitioner sustains the initial heavy burden of proving deficient performance." See Order Denying Application for Post-Conviction at 3-4, Case No. PCD-2002-626. Those statements, combined with the fact that the OCCA failed to discuss or analyze the merits of the omitted claim leads the Court to conclude that the OCCA's analysis necessarily "deviated from the controlling federal standard ... [and] is [therefore] not entitled to deference," Cargle, 317 F.3d at 1205.[3] Accordingly, the Court will not defer to the OCCA's ruling on this issue, and will instead review the claim de novo.[4] Because the Court reviews these claims de novo, the AEDPA and the Pinholster and Richter cases do not apply to Fitzgerald's ineffective assistance of counsel claims. Therefore, Respondent's motion to reconsider is denied.

### III.   Motion for Summary Judgment

---

[3]The OCCA's approval and citation to Le v. State, 953 P.2d 52 (Okla. Crim. App. 1998) is noteworthy because the express language in Le conclusively establishes the OCCA rejected the Strickland standard for the evaluation of ineffective assistance of appellate counsel claims. See Fitzgerald, Order Denying Application for Post-Conviction at 3 n.7, 4 n.10, Case No. PCD-2002-626.  The OCCA in Le stated, "[Petitioner] Le suggests only that Strickland provides the better standard and speculates that the Walker scheme may result in confusion.  This Court must reject Le's repeated suggestion that the test would be easier if we returned to the Strickland standard; the language of the statute [Okla. Stat. tit. 22, §1089] forbids that course." Le, 953 P.2d at 55.

[4]Respondent is correct that Rule 9.7(D)(1)(a), Rules of the Oklahoma Court of Criminal Appeals, Tit. 22, Ch. 18, App., suggests that the OCCA likely did review the extra-record evidence submitted by Fitzgerald in his post-conviction proceeding in support of his ineffective assistance of counsel claims, and thus, Wilson v. Workman, 577 F.3d 1284 (10th Cir. 2009) (en banc) should not provide a basis for de novo review in this instance.

Respondent in his motion for summary judgment claims that the deposition of Fitzgerald's lead trial counsel, Silas Lyman, leaves no genuine dispute as to whether trial counsel made a reasonable strategic decision not to present the evidence in question.[5] Respondent claims that, as such, Fitzgerald cannot succeed on the deficient performance prong of Strickland, and thus, summary judgment is warranted.

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); see also Thomas v. Metropolitan Life Ins. Co., 631 F.3d 1153, 1160 (10th Cir. 2011). When reviewing a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. Thomas, 631 F.3d at 1160. "However, the nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990) (citation omitted). The mere existence of an alleged factual dispute, however, does not defeat an otherwise properly supported motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). "An issue of fact is material if under the substantive law it is essential to the proper disposition of the claim." Thomas, 631 F.3d at 1160 (internal quotation marks and citation omitted). When reviewing a motion for summary judgment it is not the judge's function to weigh the evidence and determine the truth of the matter but only to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249.

---

[5]It is undisputed that Mr. Lyman was the attorney who made the decision not to present the challenged evidence. See Dkt. # 100, Ex. 2, ¶ 4; see also Dkt. # 93, Lyman Depo. at 92 (Ex. 1 to Respondent's motion for summary judgment).

8

To prevail on an ineffective assistance of trial counsel claim, the petitioner must show: (1) that counsel's performance was deficient; and (2) that such deficient performance prejudiced the defense. Strickland, 466 U.S. at 687. A defendant can establish the first (deficient performance) prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Id. at 687-88. The Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and that counsel's conduct was not the result of error or omission but derived instead from trial strategy." Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002) (quoting Elliott v. Williams, 248 F.3d 1205, 1208 (10th Cir. 2001)). But "the mere incantation of 'strategy' does not insulate attorney behavior from review." Fisher v. Gibson, 282 F.3d 1283, 1296, 1305 (10th Cir. 2002) (citation omitted). This Court must consider whether that strategy was objectively reasonable. See id. at 1305. If Fitzgerald is unable to show either "deficient performance" or "sufficient prejudice," his claim of ineffective assistance fails. Strickland, 466 U.S. at 700. Respondent's motion for summary judgment alleges that there is no genuine dispute as to any material fact relating to the deficient performance prong of Strickland, and thus, summary judgment should be entered for Respondent and against Fitzgerald on this issue.

Respondent contends that evidence obtained during Mr. Lyman's deposition shows that he made a strategic decision not to introduce the challenged evidence and that his decision was a reasonable one. In his response, Fitzgerald does not dispute that trial counsel made a strategic decision not to introduce the disputed evidence. In fact, Fitzgerald does not appear to dispute any of the material facts asserted by Respondent. Rather, Fitzgerald cites to additional evidence and provides legal authorities supporting the proposition that Respondent is not entitled to judgment as

9

a matter of law on his ineffective assistance of counsel claims. In addition, Fitzgerald argues that summary judgment is not appropriate because there remain unresolved issues of fact relating to those claims.[6] Fitzgerald avers that discovery relating to his ineffective assistance claims has not been completed. At this time, the discovery deadline in the matter is December 1, 2011. See Dkt. # 103.

This Court finds that summary judgment pursuant to Fed.R.Civ.P. 56(a) is inappropriate in this instance. Rule 12, Rules Governing Section 2254 Cases, provides: "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, *may* be applied to a proceeding under these rules." (emphasis added). Here, the Court pursuant to Rule 8, Rules Governing Section 2254 Cases, determined that an evidentiary hearing is warranted on Fitzgerald's ground seven ineffective assistance of counsel claims. Dkt. # 72 at 16. Respondent essentially seeks to circumvent Rule 8 and again asks the Court to reconsider its decision that an evidentiary hearing is warranted in light of evidence developed during discovery. The discovery was permitted by the Court in order for the parties to prepare for the evidentiary hearing. Moreover, Rule 8(a) provides that to determine if an evidentiary hearing is warranted, the judge must review "the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7. . . ." The material submitted by Respondent in support of his motion for summary judgment, the deposition of Mr. Lyman, is not part of the state court record, nor part of Respondent's

---

[6]Fitzgerald also argues that Lyman, by stating in his deposition that he did not believe that Dr. Bratcher would come across as the best witness and that Dr. Jones could be a better witness for the state than for the petitioner, disputes the veracity of the experts' affidavits and value as witnesses. See Seamons v. Snow, 206 F.3d 1021, 1026 (10th Cir. 2000) ("It is axiomatic that a judge may not evaluate the credibility of witnesses in deciding a motion for summary judgment."). He contends that this issue can only be resolved in an evidentiary hearing. He also indicates that he has not yet had the opportunity to interview Dr. Bratcher.

answer, nor material submitted under Rule 7.[7] Thus, under Rule 8, this material should not be considered by the Court in determining whether an evidentiary hearing is warranted. Respondent may certainly present the relevant information gained during Mr. Lyman's deposition at the evidentiary hearing. Thus, the Court determines that the procedures described by Fed.R.Civ.P. 56 are inconsistent with the Rules Governing Section 2254 Cases in this particular instance. The Court declines to apply Fed.R.Civ.P. 56 here. For these reasons, the Court finds that Respondent's motion for summary judgment (Dkt. # 90) shall be denied.

**ACCORDINGLY IT IS HEREBY ORDERED** that:

1. Respondent's motion to reconsider (Dkt. # 89) is **denied**.

2. Respondent's motion for summary judgment (Dkt. # 90) is **denied**.

**DATED** this 25th day of August, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

---

[7] Under Rule 7(a), Rules Governing Section 2254 Cases, the judge "may direct the parties to expand the record by submitting additional materials relating to the petition." The Court did not order the parties to submit additional materials here.